Nott, J.,
delivered the opinion of the court:.
The provisions of the Act 22d February, 1875 (18 Stat. L., 333, §' 1), requiring the accounts of clerks and commissioners to be submitted to a Circuit or District Court for examination in the presence of the district attorney, and the decision of the Supreme Court in Jones’s Case (134 U. S. R., 483), that the approval of those courts is evidence prima, facie of the correctness of the accounts, have occasioned and do still occasion contentions concerning the innumerable items which constitute the causes of action in such cases.
The decision of the Supreme Court relates exclusively (in the understanding of this court) to the onus probandi. Where the right to compensation depends upon a fact; where the only question is whether the service was rendered, or whether it was necessary, or whether it was required by the court, the approval of the account makes it evidence prima facie. Conversely, where the question is one of law, where the controversy is whether a statute authorized the service, whether one provision of the fee bill or another should regulate the compensation. the approval of the account raises no presumption and is wholly inoperative in an action on the account. In a word, if the account was approved in the manner provided by law the burden of proof is on the defendants; if the account was not approved, the burden of proof is on the claimant. In the latter case, the officer seeking to recover must prove that the service was rendered, that it was ordered, or authorized, or necessary, and every fact essential to establish his right to his fees. In the former case, the officer comes into this court with such *164 facts established, not conclusively or absolutely, but prima facie, the burden resting on the defendants to show that the assumed facts did not exist, that there was error in the account, and mistake or oversight in the approval.
In the consideration of this class of cases we find that objections frequently are raised as to services which form a part of the business of the Circuit and District Courts, such as that a certain order was unnecessary, or that it, being paid for by the foiio, was ot unconscionable length. Concerning these charges two things must be said: First, that one court can not prescribe how another shall perform its duties and keep its records ; second, that the orders are the court’s and not the clerk’s, and that, if a ministerial officer, the clerk, be directed to keep the journal of a court in a certain way, or enter orders in a certain manner, he has no discretion in the matter, and is entitled to pay for a service which he "was compelled to perform. The responsibility for such charges must rest with the tribunal which requires or authorizes or permits such services, or with Congress, which retains this system of official compensation by multitudinous fees. The abuse, if it be an abuse, can not be corrected by judicial review.
Upon these principles, then, we proceed to decide upon the items of this case:
1. In jurisdictions where writs of scire facias and subpoena are served by original and copy, the clerk has no authority in law to affix the seal of the court to the copy. The seal is the exemplification of the original writ, and is no part of the copy; the copy is a mere memorandum for the convenience of the person served, and acquires no value from bearing an impress of the seal. This question is one of law, and this item is overruled.
2. The item for entering orders opening and adjourning court is stated by the claimant’s witness in one way, and by the accounting officers (i. e., by the accounts rendered td the accounting officers by the claimant) in another, and the orders themselves have not been brought before the court. In this uncertainty it is impossible for this court to say what was the service rendered. Where the account or statement is so vague that the court can not determine what it is that was approved by the Circuit Court, no effect can be given to the approval; accordingly this item must be overruled.
*165 3. The third item is made up of various items. The accounting officers disallowed the charges because orders werefin excess of two folios; because two orders were entered where one would have been sufficient; because entering “the appearance of the district attoruey and the absence of a defendant ” on the minutes of the court was unnecessary or covered by the docket fee. This court can not overrule the Circuit and District Courts as to the necessity or propriety of these services, and they having been rendered, presumably by the direction of those courts, which are responsible for them, the item is allowed, $106.65.
4. 5, 6, 7. The fourth, fifth, sixth, and seventh items are for the filing of separate papers in one case, for warrant of commitment where defendants were surrendered by their sureties, for oaths administered to jurors and witnesses and the orders and vouchers for their payment, for orders approving the accounts of commissioners, etc. These services have been considered in other cases and determined in favor of the clerks. They are accordingly allowed here, $630.20.
5. In the eighth item the charge is for acknowledgments taken of a principal and his sureties. The testimony of the claimant’s witness does not indicate that the acknowledgments were separate, and on the contrary indicates that one acknowledgment included all of the obligors. If the service was single, the compensation must be single. The item is overruled.
0. The ninth item is for a docket fee of $1 where no indictment was found by the grand jury. A docket entry is deemed by the court proper before the action of the grand jury, and the item is allowed, $55.
10. The tenth item is for a docket fee in cases where there was a trial by jury and (apparently) no issue joined. The court is of the opinion that the joinder of issue in such cases, so far as the clerk’s duties are involved, must be presumed. The item is allowed, $6.
11. The Code of Virginia (§ 4066), it is said, requires that a copy of the record of the case shall accompany the commitment of a prisoner under sentence of imprisonment, and the Tie vised Statutes (§ 914) provide that the practice in the Federal courts shall conform to that of the several States. Hence, it is argued, where a prisoner, convicted in Virginia, was sentenced to confinement in a New York penitentiary, the clerk *166 should follow the law of procedure in Virginia and make a copy of the record to accompany the prisoner to New York.
But the Revised Statutes (§ 1028) also provide that—
“Whenever a prisoner is committed to a sheriff or jailer by virtue of a writ, warrant, or mittimus, a copy thereof shall be delivered to such sheriff or jailer as his authority to hold the prisoner.”
The courtis of the opinion that a statutory provision of the State of Virginia regulating the confinement of criminals in that State does not extend to the case of a prisoner sentenced to imprisonment in another State, and that the provision of the Revised Statutes above cited (§ 1028), in the absence of any requirement of the State of New York, prescribes all that is necessary. This item is therefore overruled.
12. The twelfth item is for the issuing of more than one capias for the arrest of parties included in one indictment. But it appears here that the parties lived in different places, and that the issuing of an additional capias was necessary. The item is allowed, $1.25.
13. .16. The orders included in these items were entered by direction of the court, as is affirmatively shown. The clerk therefore had no discretion in the matter. They are allowed, $3.55.
14. The charge for issuing “ precepts ” to the marshal to summon juries apparently in addition to the venire provided for by the Revised Statutes, § 828, is .one for which no statutory authority is cited, and none is known to the court. The item is overruled.
15. This item is not pressed.
17, 18. These services, recording writs of fieri facias and entering returns of marshals on unexecuted capiases, come within the principle that the court, having approved the account, must have directed or required the service. The items are allowed, $11.40.
19. This item is for copies of supbcenas made by the clerk for service by the marshal, and for attaching to each a certificate under the seal of the court. For the former service, the copy, the fee is 20 cents; for the latter services, 35. The service of a supbcena in Virginia is by showing the witness the original and giving him a copy. The copy is but a memorandum for the convenience of the witness, telling him when and where he *167 must appear. The authority is in the original, which, seeing, he can not question. Addiug an official certificate, under seal, to the copy adds nothing to it of substance, and conveys no additional information to the witness. For 208 copies of sup-bcenas the claimant is entitled to recover 141.60. The remainder of the item for certificates and seals, $72.80, is overruled.
20. This item, for entering motions where the district attorney was present; and the defendant absent, is so vague, that the court can not determine what was the nature of the service. The item is overruled.
The judgment of the court is that the claimant recover of the defendants the sum of $855.65.